7/24/2024 11:37 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 90126526
By: Talitha McCarty
Filed: 7/24/2024 11:37 AM

CAUSE NO. __ _____

| | | |
|---|---|---|
| JAVIER A. HERNANDEZ, | § | IN THE JUDICIAL COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | HARRIS COUNTY, TEXAS |
| V. | § | |
| | § | |
| CYPRESS PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendant.* | § | ____ DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Javier A. Hernandez ("Plaintiff") and files this, Plaintiff's Original Petition and Jury Demand, complaining of Cypress Property & Casualty Insurance Company ("Cypress") (or "Defendant") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2, pursuant to Texas Rules of Civil Procedure 190.3.

### PARTIES

2. Plaintiff Javier A. Hernandez resides in Harris County, Texas.

3. Defendant Cypress Property & Casualty Insurance Company is an insurance company engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon Cypress through its registered agent for service listed with the Texas Department of Insurance: **Corporate Creations Network, Inc., 5444 Westheimer Road, Suite 1000, Houston, Texas 77056-5318**. Plaintiff requests service at this time.

EXHIBIT 2

## JURISDICTION

4.      The Court has jurisdiction over Cypress because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Cypress' business activities in the state, including those in Harris County, Texas, with reference to this specific claim.

## VENUE

5.      Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6.      Plaintiff asserts claims for breach of contract, common law bad faith, violations of Chapters 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7.      Plaintiff owns a Cypress Property & Casualty Insurance Company insurance policy, number CLA 6245744 14 85 ("the Policy").  At all relevant times, Plaintiff owned the insured premises located at 19642 Mackinaw Isle Court, Cypress, Texas 77429 ("the Property").

8.      Cypress or its agent sold the Policy, insuring the Property, to Plaintiff.  Cypress represented to Plaintiff that the Policy included coverage for storm damage, including damage due to wind or hail.

9.      During the policy period from October 12, 2021 to October 12, 2022, the Property sustained extensive damage resulting from a severe storm that impacted the Harris County, Texas area.  A date of loss of August 10, 2022 was assigned to Plaintiff's claim.

10.     In the aftermath of the storm, Plaintiff submitted a claim to Cypress against the Policy for

2

damage to the Property.  Cypress assigned claim number CTX200053555 to Plaintiff's claim.

11.   On July 17, 2023, Plaintiff reported a claim for wind damage to Cypress and asked Cypress to cover the cost of damage to the Property pursuant to the Policy.

12.   Cypress hired or assigned its agent, Dustin McDonald ("McDonald"), to investigate the claim.

13.   On or about August 15, 2023, Cypress engaged a field adjuster to inspect the Property. Based on information and belief, that field adjuster—whose report has not been provided to Plaintiff to date—identified at least some degree of wind damage to the Property during their inspection.

14.   Cypress sent a letter dated August 15, 2023 indicating that the investigation of the claim revealed that there was a wind event that occurred on June 8, 2023, after the policy term had ended but before the claim was reported. This letter seemed to imply that there was damage to the property but because the damage was believed to be related to this later event, the ability for Cypress to properly investigate the claim had been prejudiced. As a result, the claim was denied in full. This letter was signed by McDonald.

15.   On October 19, 2023, Cypress reopened the claim after Plaintiff engaged the services of public adjuster Berkeley Internationl, Inc.

16.   After further investigation of the claim, Cypress issued another letter on March 28, 2024 reiterating its denial of the claim on the same basis as previously indicated.

17.   Cypress, through its agents, including McDonald, conducted a substandard and improper inspection of the Property and investigation of the claim.

18.   Cypress has ultimately refused to provide full coverage for the claim which includes, but

3

is not limited to, replacement of the roof; replacement of rooftop accessories including exhaust caps, vents, pipe jacks, and flashings; repairs to the fascia; and a detach and reset of the gutters and downspouts to allow for replacement of the roof. The third-party inspector hired to review the damage to the Property found storm damage that was completely absent from Cypress' reports.

19.    The damage to the Property is currently estimated at $26,357.03.

20.    McDonald had a vested interest in undervaluing the claims assigned to him by Cypress in order to maintain his employment. The disparity between the lack of damaged items in his report compared to the damages documented in the report and estimate from the third-party inspector is evidence of unfair claims handling practices on the part of Cypress.

21.    Furthermore, Cypress' agents, including McDonald, were aware of Plaintiff's deductible prior to inspecting the Property or investigating the claim. These individuals had advanced knowledge of the damages they needed to document in order to be able to deny the claim.

22.    McDonald misrepresented whether the damage to the Property was covered. McDonald made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on his expertise and accept the bad faith determination regarding a lack of covered damage as a true representation of whether or not the claim was covered under the Policy.

23.    After reviewing the Policy, McDonald misrepresented that the damage was caused by non-covered perils. McDonald used his expertise to fabricate plausible explanations for why visible damage to the Property would not be covered under the policy.

24.    As stated above, Cypress, through its agents, including McDonald, improperly and unreasonably adjusted Plaintiff's claim. Without limitation, Cypress misrepresented the

4

cause of damages to the Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

25. Cypress, through its agents, including McDonald, made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Cypress made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the denial of the claim by Cypress.

26. Plaintiff relied on Cypress' misrepresentations, including but not limited to those regarding coverage and the cause of the damage to the Property. Plaintiff's damages are the result of his reliance on these misrepresentations.

27. Upon receipt of the inspection and investigation reports from its agents, including McDonald, Cypress failed to assess the claim thoroughly. Based upon the grossly unreasonable, intentional, and reckless failure by McDonald to investigate the claim properly prior to denying coverage, Cypress failed to provide coverage due under the Policy, and Plaintiff suffered damages.

28. Because Cypress failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to the Property.

29. Furthermore, Cypress failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, Cypress' agents, including McDonald, performed an unreasonable and substandard inspection of the Property and investigation of the claim that allowed Cypress to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent

5

to recover upon the Policy were carried out by Plaintiff.

30. Cypress' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

31. Cypress' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Cypress has failed to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Specifically, Cypress has failed to, in an honest and fair manner, balance its own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

32. Cypress' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Cypress has failed to provide Plaintiff with a reasonable explanation for denial of the claim.

33. Additionally, after Cypress received statutory demand on or about May 8, 2024, Cypress has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

34. Cypress' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Cypress' agents, including McDonald, performed a biased and intentionally substandard inspection of the Property and investigation of the claim designed to allow Cypress to refuse to provide full coverage to Plaintiff under the Policy.

6

35. Specifically, Cypress performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

36. Cypress' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to the subpar inspection of the Property and investigation of the claim by Cypress' agents, including McDonald, Cypress failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

37. Cypress' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to the intentional undervaluation of Plaintiff's claim by Cypress agents, including McDonald, Cypress failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, the finding of no covered damage to the Property by McDonald caused Cypress to delay full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for his claim.

38. Cypress' wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT

### BREACH OF CONTRACT

39. All allegations and facts stated above are incorporated herein.

40. Cypress is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then,

7

that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Cypress and Plaintiff.

41.    Cypress' failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Cypress's insurance contract with Plaintiff.

### NON-COMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

42.    All allegations and facts stated above are incorporated herein.

43.    Cypress' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

44.    Cypress' unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

45.    Cypress' unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Cypress' liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

46.    Cypress' unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

47.    Cypress' unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a

8

deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

## NON-COMPLIANCE WITH THE TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

48.    All allegations and facts stated above are incorporated herein.

49.    Cypress' conduct constitutes multiple violations of the Texas Insurance Code, Prompt
Payment of Claims.  All violations made under this article are actionable under TEX. INS.
CODE §542.060.

50.    Cypress' delay in paying Plaintiff's claim following receipt of all items, statements, and
forms reasonably requested and required, for longer than the amount of time provided,
constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

51.    All allegations and facts stated above are incorporated herein.

52.    Cypress' conduct constitutes a breach of the common law duty of good faith and fair
dealing owed to an insured in insurance contracts.

53.    Cypress' failure to adequately and reasonably investigate and evaluate Plaintiff's claim,
even though Cypress knew or should have known by the exercise of reasonable diligence
that liability was reasonably clear, constitutes a breach of the duty of good faith and fair
dealing.

## DTPA VIOLATIONS

54.    All allegations and facts stated above are incorporated herein.

55.    Cypress' conduct constitutes multiple violations of the Texas Deceptive Trade Practices
Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods
and services provided by Cypress pursuant to the DTPA.  Plaintiff has met all conditions
precedent to bring this cause of action against Cypress.  Specifically, Cypress' violations

9

of the DTPA include, without limitation, the following matters:

A.      By its acts, omissions, failures, and conduct, Cypress has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  Cypress' violations include: (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim; (2) failure to give Plaintiff the benefit of the doubt; and (3) failure to pay for the proper repair of the Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.      Cypress represented to Plaintiff that the Policy and its adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.      Cypress represented to Plaintiff that the Policy and its adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.      Cypress advertised the Policy and its adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.      Cypress breached an express warranty that damages caused by wind and/or hail would be covered under the Policy.  This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.      Cypress' actions are unconscionable in that Cypress took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.  Cypress' unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.      Cypress' conduct, acts, omissions, and failures, as described in this petition, are

unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

56.    Each of the above-described acts, omissions, and failures of Cypress is a producing cause of Plaintiff's damages. All of Cypress' acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## KNOWLEDGE

57.    Cypress made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

58.    Cypress waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

59.    The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff. These damages are a direct result of Cypress' mishandling of Plaintiff's claims in violation of the laws set forth above.

60.    Plaintiff currently estimates that actual damages to the Property under the Policy are $26,357.03.

61.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above-described acts, omissions, failures, and conduct of Cypress have caused Plaintiff's damages, which

11

include, without limitation, the cost to properly repair the Property and any investigative and engineering fees incurred.

62.    For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claims and consequential damages, together with attorney's fees.

63.    For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b)(1).

64.    For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claims, plus a statutory interest penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

65.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Cypress' breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Cypress owed, exemplary damages, and damages for emotional distress.

66.    Cypress' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish

12

Cypress for its wrongful conduct and to set an example to deter Cypress and others from committing similar acts in the future.

67.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, Chapters 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

68.    As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(1) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of $250,000.00 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## JURY DEMAND

69.    Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff Javier A. Hernandez prays that Defendant Cypress Property & Casualty Insurance Company be cited and served to appear and that upon trial hereof Plaintiff recovers from Defendant such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law

and procedure as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show he is so justly entitled.

Dated: July 24, 2024

Respectfully submitted,

By: /s/ *Chad T. Wilson*
Chad T. Wilson
Bar No. 24079587
Donald C. Green II
Bar No. 24086619
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
cwilson@cwilsonlaw.com
dgreen@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

14

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Donna Matthews on behalf of Donald Green
Bar No. 24086619
dmatthews@cwilsonlaw.com
Envelope ID: 90126526
Filing Code Description: Petition
Filing Description: PLAINTIFFS ORIGINAL PETITION AND JURY DEMAND
Status as of 7/24/2024 12:32 PM CST

Associated Case Party: JavierA.Hernandez

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chad Wilson | | eservice@cwilsonlaw.com | 7/24/2024 11:37:27 AM | SENT |
| Donald CGreen II | | dgreen@cwilsonlaw.com | 7/24/2024 11:37:27 AM | SENT |
| Donna Matthews | | dmatthews@cwilsonlaw.com | 7/24/2024 11:37:27 AM | SENT |

JUL 2 6 2024